UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STATEWIDE BONDING, INC** )<br>4085 Chain Bridge Road, Suite 100 )<br>Fairfax, VA, 22030; )<br> )<br>**BIG MARCO INSURANCE AND** )<br>**BONDING SERVICES, LLC** )<br>1010 State Street )<br>San Diego, CA 92101; )<br> )<br>**NEXUS SERVICES**, **INC.** )<br>113 Mill Place Parkway )<br>Verona, VA 24482; and )<br> )<br>**MIKE DONOVAN** )<br>113 Mill Place Parkway )<br>Verona, VA 24482 )<br> )<br>      Plaintiffs, )<br> )<br>v. )<br> )<br>**U.S. DEPARTMENT OF** )<br>**HOMELAND SECURITY ("DHS")** )<br>245 Murray Lane, SW )<br>Washington, D.C. 20528; )<br> )<br>**U.S. IMMIGRATION AND CUSTOMS** )<br>**ENFORCEMENT ("ICE")** )<br>500 12th St., SW )<br>Washington, D.C. 20536; )<br> )<br>**UNITED STATES OF AMERICA** )<br>c/o Jefferson Beauregard Sessions III, )<br>Attorney General of the United States )<br>950 Pennsylvania Ave, NW )<br>Washington, D.C. 20530; )<br> ) | Case No. _____ |

| | |
|---|---|
| **KIRSTJEN NIELSEN**, in her individual capacity as Secretary of U.S. Department of Homeland Security ("DHS") 245 Murray Lane, SW Washington, D.C. 20528; | ) ) ) ) ) ) |
| **THOMAS HOMAN**, in his individual capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE") 500 12th St., SW Washington, D.C. 20536; | ) ) ) ) ) ) ) |
| **JODY M. PRESCOTT**, in his official capacity as Associate Legal Advisor, Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement, 166 Sycamore Street, Suite 200, Williston, VT 05495; and | ) ) ) ) ) ) ) ) |
| **JEFFERSON BEAUREGARD SESSIONS III**, in his individual capacity as Attorney General of the United States 950 Pennsylvania Ave, NW Washington, D.C. 20530; | ) ) ) ) ) ) ) |
| Defendants. | ) **JURY TRIAL DEMANDED** ) |

## COMPLAINT FOR DECLARATORY AND MANDAMUS RELIEF

Plaintiffs Big Marco, Statewide, Nexus Services, Inc., and Mr. Donovan bring this action based on the Defendants violating relevant provisions of the Administrative Procedure Act ("APA") and violating due process rights protected by the Fifth Amendment of the U.S. Constitution. Plaintiffs request the following relief, inter alia:

1. Declaration that Defendants' collection on bond breaches that are appealed during the pendency of that appeal violates the Plaintiffs' due process rights and the Administrative Procedures Act ("APA").

2. Order the Defendants to comply with their duty to refrain from further collecting on bond breaches that has a pending appeal of the breach determination until the appeal is filed.

## INTRODUCTION

1.

Plaintiffs have filed a complaint against these Defendants previously about violating their due process rights. Statewide Bonding, Inc. v. U.S. Dept. of Homeland Sec., 1:15-cv-02115 (D.C.C 2018). Defendants won't stop however and find yet another way to violate yet another due process rights of Plaintiff. Consequently, Plaintiffs bring this action for declaratory and mandamus relief.

2.

The issue is straight forward: When Plaintiff appeals a declared bond breach by Defendants, Defendants are required to suspend all collection activity. This point is made clear by Defendants' own procedural manuals, which state "The breach determination is not final until the AAO renders a decision on the appeal." ERO 11301.1, Bond Management Handbook, ICE 2016-ICLI-00005, p. 44. "[Defendants] cannot issue an invoice on a surety bond or process a payment on

a cash bond until AAO issues a decision on appeal." Id. The regulation states "a final determination that a bond has been breached creates a claim in favor of the United States." 8 C.F.R. § 103.6(e). Simply put, until that determination is final, until the appeal is complete, the Defendants do not have a claim to collect. Id.; Bond Management Handbook, ICE 2016-ICLI-00005, p. 44.

## JURISDICTION

3.

This case arises under the Fifth Amendment to the United States Constitution; the Administrative Procedures Act (APA); and the Declaratory Judgment Act, *inter alia*. The court has subject matter jurisdiction under, inter alia, 28 U.S.C. §§ 1331, 2202, 2201, and 5 U.S.C.A. § 702.

4.

Personal Jurisdiction is proper because Defendants transact business in this District and thus are subject to personal jurisdiction in this Court pursuant to, inter alia, Fed. R. Civ. P. 4.

## VENUE

5.

Venue is proper under 28 U.S.C. § 1391 because at least one of the Defendants is subject to personal jurisdiction in this district with regards to this action.

## PARTIES

6.

Plaintiff Statewide Bonding, Inc. is a bonding company that issues criminal and immigration bonds throughout the United States.

7.

Plaintiff Big Marco Insurance and Bonding Services, LLC is a bonding company that issues criminal and immigration bonds throughout the United States.

8.

Plaintiff Nexus Services, Inc. is a small, for-profit business that provides critical services to immigrants who languish in detention facilities, because they cannot afford to post immigration bonds. Nexus provides guarantees for immigration bonds that are posted by Plaintiffs Big Marco and Statewide. Nexus's mission is to give hope and help to those without a voice in the immigration system. The Nexus program allows detained immigrants to post their bonds and be reunited with their families without having to pay the full amount of their bonds. The program allows immigrant detainees to secure release without requiring traditional collateral and indemnifies sureties and/or bail agents for these bonds.

9.

Plaintiff Mike Donovan is a business entrepreneur, who is CEO and President of Nexus.

10.

Defendant U.S. Department of Homeland Security ("DHS") has responsibility for enforcing the immigration laws of the United States.

11.

Defendant U.S. Immigration and Customs Enforcement ("ICE") is the sub-agency of DHS that is responsible for carrying out removal orders and overseeing immigration detention.

12.

Pleading in the alternative, Defendant United States of America receives bond payments from Plaintiffs Big Marco and/or Statewide, pursuant to a bond breach, through the U.S. Department of Treasury.

13.

Defendant Kirstjen Nielsen is sued in her individual capacity as Secretary of U.S. Department of Homeland Security ("DHS").

14.

Defendant Thomas Homan is sued in his individual capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE").

15.

Defendant Jefferson Beauregard Sessions III is sued in his individual capacity as Attorney General of the United States. At all times relevant to this Complaint, he had responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103, and oversaw the Executive Office of Immigration Review.

**RELEVANT FACTS**

A. **Initial critical facts**

16.

Plaintiff appealed multiple declared bond breaches, yet Defendants have continued to invoice and seek collection of these declared bond breaches, despite governing regulation and polices that clearly set forth Plaintiffs' due process right to have said invoicing and collection activities halted due to said, pending appeals. See 8 C.F.R. § 103.6(e); Bond Management Handbook, ICE 2016-ICLI-00005, p. 44.

17.

Beside the regulations and rules that set forth Plaintiffs' clear due process right to have said collection activity halted pending the subject appeals, Defendant Jody M. Prescott has admitted in an email that he knows that collection must be halted regarding a declared bond breach that has been

appealed. Ex. 1, Email of Jody Prescott. Specifically, Defendant Prescott stated "Yes, it had been paid back then, but then we were required to (sic) a refund in August because LBN filed an appeal." Id.

18.

Before coming to this Court, Plaintiffs sent Defendant Prescott a detailed letter, requesting that Defendant Prescott confirm that all invoicing and collection activities be halted, because Plaintiffs had provided proof that particular, declared bond breaches are currently under appeal. See Ex. 2, Letter to Jody M. Prescott, with enclosures regarding proof that particular bond breaches are currently being appealed.

19.

Rather than respond, Defendant Prescott simply advises the Plaintiffs to speak to the United States Attorney representing the DHS in the related Statewide Case. See Ex. 3, Response to Plaintiff's letter.

20.

Defendants insist that they have the right to invoice and pursue collections regarding declared bond breaches that these Defendants know are under appeal despite the express language of their own polices and regulations, which require defendants to halt all invoicing and collection activities regarding declared bond breaches that are under appeal.

21.

Defendants' own policies and procedures require defendants to halt al invoicing and collection activities regarding declared bond breaches that are under appeal.

22.

Defendants' policies state "The breach determination is not final until the AAO renders a decision on the appeal." ERO 11301.1, <u>Bond Management Handbook</u>, ICE 2016-ICLI-00005, p. 44. "[Defendants] cannot issue an invoice on a surety bond or process a payment on a cash bond until AAO issues a decision on appeal." <u>Id.</u>

### B. Background facts

23.

Due to multiple infirmities in the performance of the bond and the declarations that the bonds have been breached, the Plaintiffs have appealed multiple bond breach determinations.

24.

Despite the appeals of these bond determinations, the Defendants continue to invoice and demand payment on these bonds declared in breach.

25.

8 C.F.R. § 103.6(e) states that "a **final determination** that a bond has been breached creates a claim in favor of the United States". 8 C.F.R. § 103.6(e). A bond breach determination is not final pending the appeal. In interpreting this regulation, the Defendants' own manual on bond management clarifies that the Defendants "cannot issue an invoice on a surety bond or process payment on a cash bond until AAO issues a decision on the appeal." Ex. 4, ERO 11301.1, Bond Management Handbook, ICE 2016-ICLI-00005, p. 44.

26.

In the face of these clear regulations, the Defendants continue to invoice and collect on hundreds of bonds determined to be breached which the Plaintiffs have appealed and for which no final determination has been made.

## CAUSES OF ACTION

### COUNT I
### Claim for Declaratory Relief
### for violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(C), by disregarding the requirements of, *inter alia*, 8 C.F.R. § 103.6 and interpreting regulations, and for violation of Procedural and Substantive Due Process Rights protected by Due Process Clause 5th Amendment of the U.S. Constitution
*(Against Nielsen, Homan and Sessions, in their individual capacities and all other Defendants)*

27.

Plaintiffs hereby incorporate the preceding factual paragraphs, and any other paragraph this Court deems relevant, as repeated and realleged as though fully set forth herein to support this Count.

28.

Based on all the incorporated facts, the final agency action of (1) declaring the bonds secured by the Plaintiffs in breach and (2) collecting on those breaches despite the pendency of the appeals of those breach determinations was unlawful, unconstitutional, in excess of authority, and an abuse of authority, inter alia, under the APA.

29.

Further, the Defendants' actions in attempting to collect on the bonds declared in breach despite the pendency of the appeals deprived the Plaintiffs of adequate notice and the opportunity to be heard under the facts of this case as

required by the due process clause of the 5th Amendment to the United States Constitution.

30.

Based upon the foregoing, the Plaintiff is entitled to a declaratory judgment declaring the Defendants' actions are arbitrary and capricious in violation of the APA and unconstitutionally deprive the Plaintiffs of the substantive and procedural protections of the due process clause of the U.S. Constitution.

## COUNT II
### Claim for Mandamus Relief under 28 U.S.C. 1361 for violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(C), as well as violation of Procedural and Substantive Due Process Rights protected by Due Process Clause 5th Amendment of the U.S. Constitution
*(Against Nielsen, Homan and Sessions, in their individual capacities and all other Defendants)*

31.

Plaintiffs hereby incorporate the preceding factual paragraphs, and any other paragraph this Court deems relevant, as repeated and realleged as though fully set forth herein to support this Count.

32.

Based on all the facts to support this Count, Plaintiff has a clear right to relief under laws such at the APA, 5 U.S.C. § 706(2)(C) and 8 C.F.R. 103.6. Defendants, based on the incorporated facts to support this Count, have a duty

to refrain from collecting on bonds determined to be breached pending a final order on the Plaintiffs' appeal of that determination, which duty the Defendants have not complied with. Further, under the APA, the Defendants have a clear duty to refrain from acting in an arbitrary and capricious manner which, based upon the facts incorporated to support this Count, the Defendants have not complied with.

### COUNT III
### Attorney's Fees

Based on the foregoing, Plaintiffs are entitled to reasonable attorney's fees under all applicable laws, including the Equal Access to Justice Act, 28 U.S.C. § 2412.

### PRAYER FOR RELIEF

Plaintiffs request that the Court enter a judgment against Defendants and award the following relief:

A. Grant Mandamus relief requiring Defendants to respect Plaintiffs' established due process rights, by complying with their duties – established by their own regulations and policies - to refrain from invoicing and collecting on bonds declared breached that have been appealed until the appeal is decided;

B. Enter judgment and declaratory judgment in favor of Plaintiffs;

  C. Award costs and attorneys' fees to Plaintiff; and

  D. Order all other relief that is just and proper.

 Respectfully submitted this 30th day of October 2018,

            <u>/s/John M. Shoreman</u>
            John M. Shoreman (#407626)

**MCFADDEN & SHOREMAN, LLC**
1050 Connecticut Avenue, NW
Washington, DC 20036
202-772-3188/202-204-8610 FAX
jmshoreman@verizon.net
*Counsel for Plaintiffs*