# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATEWIDE BONDING, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | Civil Action No. 18-2519 (JEB) |

## MEMORANDUM OPINION

Plaintiff Statewide Bonding, Inc. is unhappy about the current state of immigration bonds for released detainees. It believes that the Department of Homeland Security and its component, Immigration and Customs Enforcement, are improperly declaring many of the bonds breached and seeking to collect the posted money from the bonding companies. In a previously filed action, Statewide, other similar companies, and a company executive are seeking to block the Government from declaring further bond breaches. Here, meanwhile, these same Plaintiffs are suing to block the collection of the bonds already in breach, asserting violations of the Administrative Procedure Act and due process, as well as invoking a right to mandamus. As the Court agrees with Defendants' positions in their current Motion to Dismiss, it will grant the Motion.

## I. Background

In Plaintiffs' initial suit, No. 18-2115, Statewide; Big Marco Insurance and Bonding Services, LLC; Nexus Services, Inc.; and Nexus executive Mike Donovan allege that the Government is improperly declaring bonds breached when released immigrants fail to appear for

1

court. This is because the Notices to Appear do not "provide the subject immigrant with the time, place, and date where he or she is to appear for immigration proceedings." Statewide Bonding, Inc. v. U.S. Dep't of Homeland Security, No. 18-2115, ECF No. 32 (Second Am. Compl.) at 2. Plaintiffs similarly believe that the Notices to Produce Alien, directed to the bonding companies once an immigrant does not appear, are procedurally flawed. Id. at 15–16. The merits of those contentions are before this Court in that companion case.

As Plaintiffs are pursuing a declaratory judgment there that, in the future, the bonds should not be declared in breach, they are simultaneously appealing within DHS the individual determinations that past bonds were in fact breached. The current case asks this Court to freeze collection on those past bond breaches while Plaintiffs administratively appeal. Although they concede that these appeals are untimely, see ECF No. 14 (Am. Compl.) at 3, they contend that the agency's regulations and constitutional due process require the agency to halt collection while those appeals are pending. Id. at 8–9. Plaintiffs urge that Defendants' continuing collection activity entitles them to a remedy under the APA and Due Process Clause and mandamus relief. Id. at 11–16.

Defendants now move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiffs have not stated a claim under either the APA or Due Process Clause and that mandamus jurisdiction does not exist here. See ECF No. 27 (Defendants' Motion to Dismiss) at 1–2.

## II. Legal Standard

In evaluating Defendants' Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C.

Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. See Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). For a plaintiff to survive a 12(b)(6) motion, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

The standard to survive a motion to dismiss under Rule 12(b)(1) is less forgiving. Under this Rule, a plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear its claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A court also has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)).

**III. Analysis**

Defendants first contend that Plaintiffs have not stated a claim under the APA both because they are seeking to challenge non-final agency action and because ICE has acted consistently with agency regulations. See Def. MTD at 3, 6. In addition, they maintain that Plaintiffs cannot state a due-process claim because they were afforded constitutionally adequate process, id. at 9, and that the Court lacks subject-matter jurisdiction over the mandamus claim. Id. at 12. The Court will take each of these issues in order.

    A.    APA

The Court need not address the finality of agency action here because Defendants' alternative position — namely, that ICE is acting in compliance with agency regulations — is sufficient to require dismissal of the APA claims. To begin, Plaintiffs' only APA allegation seems to be that the agency's action is inconsistent with its own regulations. See Amend. Compl. at 10–13, 14–15. Although the Amended Complaint is not a model of clarity in this regard, examination of Plaintiffs' briefing also suggests as much. See Pl. Opp. at 6–9 (citing relevant regulations). In any event, the Court cannot discern any other basis for an APA claim in the pleadings or briefing. As a result, if the challenged agency action is in fact consistent with its regulations, Plaintiffs have not stated a claim.

That is the case here. Plaintiffs' argument, in a nutshell, is that once they have appealed a breach determination, DHS regulations deem it no longer final and subject to collection by the agency. That is so, they contend, because their "untimely appeals . . . were reviewed and accepted by the AAO [Administrative Appeals Office]." Pl. Opp. at 6. Plaintiffs do concede that, as a general matter, untimely appeals "must be rejected as improperly filed." 8 C.F.R. § 103.3(a)(2)(v)(B)(1); see Pl. Opp. at 7. But, they point out, 8 C.F.R. § 103.3(a)(2)(v)(B)(2)

allows some untimely appeals to be treated as "motions to reopen a proceeding." Although —
like any appeal — motions to reopen generally "must be filed within 30 days of the decision,"
the failure to timely file "may be excused in the discretion of the Service where it is
demonstrated that the delay was reasonable and was beyond the control of the applicant or
petitioner." 8 C.F.R. § 103.5(a)(1)(i). Plaintiffs argue that, because the agency has decided that
the delay meets those criteria and that their appeals should consequently be treated as motions to
reopen, it has "accepted . . . the appeal" and therefore cannot collect while "a decision on the
merits" is pending. See Pl. Opp. at 9.

Defendants respond that Plaintiffs' appeals do not meet the criteria to be treated as
motions to reconsider and that the AAO has not accepted them as such. See Def. MTD at 5 &
n.1; see also ECF No. 29 (Defendants' Reply) at 2. The Court need not resolve this
disagreement, however, because — as Defendants also point out, see Def. MTD at 4 — even if
Plaintiffs' untimely appeals were deemed motions to reconsider, "[t]he filing of a motion to
reopen or reconsider . . . does not stay the execution of any decision in a case." 8 C.F.R. §
103.5(a)(1)(iv). This settles the question.

Plaintiffs' only rejoinder to this provision is to say that appeals that have been "accepted"
then "require a decision on the merits," Pl. Opp. at 9 (citing 8 C.F.R. § 103.3(b)(2)), and that any
bond-breach determination awaiting a decision on the merits cannot be final. Id. at 9–10.
Plaintiffs, however, offer no legal authority for the proposition that the lack of a decision on the
merits of a motion to reconsider renders the determination non-final such that collection cannot
take place. If that were true, it is difficult to understand what the provision stipulating that such
motions do not stay execution of a decision might mean. See 8 C.F.R. § 103.5(a)(1)(iv).

5

B.  Due Process

Defendants next argue that Plaintiffs' procedural-due-process claim must be dismissed because they have not identified a protected property interest implicated here and because, even if there were such an interest at stake, Plaintiffs have received all the process they are due. See Def. MTD at 9–10. As an initial note, Defendants address procedural due process almost exclusively. Although the Amended Complaint refers to "substantive" due process as well a handful of times, no such allegation is detailed, and Plaintiffs mention only procedural due process in their briefing. See Pl. Opp. at 13. The Court will thus similarly confine its analysis.

In Plaintiffs' view, there is a cognizable property interest at stake because "enforcement of a bond deprives the Plaintiffs of their rights to the property that secures the bonds." Pl. Opp. at 13. Even assuming that this satisfies the threshold requirement of identification of a protected interest, the Court would nevertheless dismiss. Plaintiffs have not stated a due-process claim because they have, in fact, been afforded an adequate "opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).

More specifically, they had an opportunity to file a timely appeal that would have stayed collection. If their untimely appeals are treated as motions to reconsider and they prevail, furthermore, ICE will refund any payments it has collected. Plaintiffs, therefore, are presumably seeking additional pre-deprivation process. But they have pointed to no authority suggesting the substantial process afforded by agency regulations both pre- and post-deprivation is constitutionally deficient. On the contrary, they have received more process than other plaintiffs who likewise were not able to state a due-process claim. See, e.g., Graham v. Office of Surface Mining Reclamation & Enforcement, 722 F.2d 1106, 1110–12 (3d Cir. 1983) (holding scheme

that required payment of penalty into escrow before administrative appeal comported with procedural-due-process requirements); Dewees v. United States, 272 F. Supp. 3d 96, 101 (D.D.C. 2017) (holding plaintiff had not stated procedural-due-process claim where he had "no opportunity to appeal his [tax] penalty through administrative means or the U.S. Tax Court before it was collected" because he could challenge in district court after penalty was assessed) (internal quotation marks and citation omitted). The Court, consequently, will dismiss Plaintiffs' claim here.

C. Mandamus

Finally, Plaintiffs argue that they are entitled to a writ of mandamus. See Am. Compl. at 13. The Court must begin by evaluating whether mandamus jurisdiction exists in this case. Mandamus relief is "drastic" and available "only in extraordinary situations." In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005) (*en banc*) (citation omitted). To establish mandamus jurisdiction, Plaintiffs must demonstrate that (1) they have "a clear right to relief," (2) the agency has "a clear duty to act," and (3) they have "no other adequate remedy available." Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002) (citations omitted). "The party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable." Id. at 784 (internal quotations and citation omitted). Defendants argue that Plaintiffs cannot meet any of these requirements, let alone all three. See Def. MTD at 12–13.

The Court likely agrees and, for the sake of brevity, will focus on Plaintiffs' inability to make the second required showing. The agency has no clear duty to take the action they request — namely, to refrain from collecting on the bond breaches Plaintiffs have appealed. Because its regulations countenance the opposite, see Section III.A *supra*, there is no basis to conclude that the agency has a clear imperative to act.

**IV.	Conclusion**

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*<br>
JAMES E. BOASBERG<br>
United States District Judge

Date:  May 10, 2019